IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA GALES,                     :  <br>             Plaintiff,         :  <br>                                    :  <br>    v.                              :   Civ. No. 24-123  <br>                                    :  <br> CVS PHARMACY #450 *et al.*,        :  <br>             Defendants.        :  | |

**Diamond, J.**                                                                        February 20, 2024

# M E M O R A N D U M

    I must decide whether the Parties should take limited discovery before I rule on a question of fraudulent joinder. Pennsylvania resident Jessica Gales originally filed this negligence action in state court, naming out-of-state corporate defendants, who removed to this Court on diversity grounds. (See Civ. No. 23-3846.) With the first action still pending before me, Gales filed a second, nearly identical Complaint in state court, adding a Pennsylvania citizen Latoya McDonald as an individual defendant, thus apparently defeating complete diversity. (Compl. (Doc. No. 1-4).) Defendants again removed, arguing that because Gales had fraudulently joined McDonald, diversity jurisdiction still existed. (Doc. No. 1.) Gales now moves to remand. (Doc. No. 8.) Because Gales's allegations are less than clear, I am unable to decide the fraudulent joinder question. Accordingly, I will order limited jurisdictional discovery, after which Gales may renew her remand request.

    **I.**    **BACKGROUND**

    As alleged, on December 30, 2021, Gales slipped and fell at a CVS store in Yeadon due to Defendants' negligence. (Compl. ¶ 16.) In what might generously be described as an obscure pleading, Gales alleges "she was caused to slip and fall due to a foreign substance and/or a unlevel

and/or defective condition of the property," and sustained injuries to her arm, wrist, hand, shoulder, knees, and back.  (Id. ¶¶ 16–17.)

On August 15, 2023, Gales filed a negligence Complaint in Philadelphia Common Pleas Court against corporate citizens of Rhode Island, Delaware, and Washington: CVS Health Corp, CVS Pharmacy, Altus Group US Inc., Exchright Net Lease Port 32 DST, Real Estate Transition Solutions, and John Does (1-99).  (Doc. No. 7, Civ. No. 23-2846.)  Because Gales is a Pennsylvania citizen who does not dispute that she is seeking more than $75,000 in damages, CVS removed to this Court.  (Doc. No. 1, Civ. No. 23-2846.)  After Real Estate Transition Solutions moved to dismiss for want of jurisdiction, I ordered the Parties to conduct jurisdictional discovery.  (Doc. Nos. 9, 16, Civ. No. 23-2846.)  Apparently less than anxious to participate in jurisdictional discovery, on November 28, 2023, Gales stipulated to dismiss all Defendants except CVS Pharmacy.  (Doc. No. 18, Civ. No. 23-2846.)

On December 13, 2023—her initial action still pending before me—Gales filed a second Complaint in Philadelphia Common Pleas Court.  (See Compl.)  Although the substance of her two Complaints is the same, in the second Gales added McDonald.  As Gales alleged, "through further investigation and research," she discovered McDonald's LinkedIn page, which listed her position as General Store Manager from November 2014 through May 2022.  She also found a "Google Image" of the Yeadon storefront and a sign identifying McDonald as the Store Manager. (Compl. Exhibit A–C.)  Remarkably, based on this searching investigation, Gales now alleges that McDonald: is a Pennsylvania citizen; is the "manager of the [Yeadon] CVS location and [is] responsible for the property at issue [;] . . . personally conducted inspections of the property and failed to identify the subject hazard" (Compl. ¶¶ 6, 9); "personally conducted maintenance requests and oversaw repairs to the property, which were negligently communicated and conducted" (Id. ¶

10); and "personally operated the CVS Pharmacy #406" (Id. ¶ 11.) She further alleges that McDonald and CVS failed to maintain walking areas, properly supervise its employees, warn Gales of the condition, barricade the dangerous condition, anticipate the hazard, inspect the area, or take remedial measures," thus "creating a dangerous condition." (Id. ¶ 27.)

Defendants removed, charging that McDonald was fraudulently joined. (Doc. No. 1.) They also move to dismiss McDonald for lack of personal jurisdiction and failure to state a claim against her. (Doc. No. 7.) Gales moves to remand, arguing there is no fraudulent joinder. (Doc. No. 8.)

## II.    LEGAL STANDARD

An action brought in state court may be removed to the federal district where the action is pending if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The removing party must establish federal subject matter jurisdiction. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Federal courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In determining whether to remand, I "must focus on the plaintiff's complaint at the time the petition for removal was filed." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). With limited exceptions, I "must assume as true all factual allegations of the complaint." Id.

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 216–17 (3d Cir. 2006). Once fraudulent joinder is made out, I may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and

thereby retain jurisdiction." Id. at 216 (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Id. (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). "[T]he removing party carries a heavy burden of persuasion" to establish fraudulent joinder. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). "The inquiry into fraudulent joinder is less searching than that triggered by a motion to dismiss under Rule 12(b)(6) and any doubt regarding the propriety of removal should be resolved in favor of remand." Id. at 852. Finally, "the fact that the plaintiff['s] motive for joining a [ ] defendant is to defeat diversity is not considered indicative of fraudulent joinder." Abels, 770 F.2d at 32; Chaborek v. Allstate Fin. Servs., LLC, 254 F. Supp. 3d 748, 753 (E.D. Pa. 2017) ("The tactical decisions of Plaintiff's counsel are legally irrelevant to the issue of fraudulent joinder.").

### III.   DISCUSSION

Gales argues that I do not have jurisdiction over her second Complaint because Defendants have not made out fraudulent joinder. (Doc. No. 8.) Given her hazy pleadings, however, and her failure to respond Defendants' Motion to Dismiss, I cannot conduct the required analysis.

A.   Colorable Claim

Gales proceeds against McDonald as an employee of CVS. Under Pennsylvania law's "participation theory," a corporate employee may be held personally liable for negligent activity carried out within the scope of her employment. Wicks v. Milzoco Builders, Inc., 470 A.2d 86, 89–90 (Pa. 1983). To make out colorable negligence, Gales must allege that McDonald engaged in "misfeasance" and not mere "nonfeasance." Id. at 90.

"Nonfeasance" is the "omitting to do, or not doing, something which ought to be done, which a reasonable and prudent man would do . . . ." Nelson v. Duquesne Light Co., 12 A.2d 299, 303 (Pa. 1940). "Misfeasance" is "the doing of something which ought not to be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it, in either case leading to mischief or injury." Id.

In opposing remand and moving to dismiss, Defendants offer an affidavit from McDonald that she was neither responsible for the Yeadon store nor physically present on the date of Gales's fall. (See Doc. No. 12-5.) She also avers that her responsibilities did not include instructing builders or contractors performing repairs to the exterior of the store or preparing work orders. (Id.) Gales has not responded to McDonald's affidavit. (See Docket.)

Once again, Gales has never specified what "dangerous condition" caused her to fall. Given McDonald's unrebutted affidavit in which she denies having anything to do with Gales's fall or maintaining the Yeadon store, I cannot determine if Gales's negligence claim against McDonald is even colorable.

B. Intention to prosecute the action against McDonald

In making this determination, I may look past the pleadings "to identify indicia of fraudulent joinder." Briscoe, 488 F.3d at 218. I may then "pierce the pleadings" in limited circumstances to determine whether the plaintiff exhibited a subjective intent to prosecute the action against the non-diverse defendant. Weaver v. Conrail, Inc. et al., No. 09-5592, 2010 WL 2773382, at *6 (E.D. Pa. July 13, 2010); Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990). "The limitation is significant, however, with the permissible inquiry being less probing than the review a district court conducts in deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." In re Zoloft (Sertraline Hydrochloride) Prods.

Liab. Litig., 257 F. Supp. 3d 717, 719 (E.D. Pa. 2017) (citing Batoff, 977 F.2d at 852)); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723.1 (Rev. 4th ed. 2023) ("In order to meet its burden, courts have permitted the defendant to support its notice of removal with evidence outside the pleadings, including supporting documents such as affidavits and deposition transcripts.").

Defendants urge that Gales's decision not to name McDonald in the first filed action—which remains before me—strongly suggests that Gales does not intend to prosecute a negligence claim against McDonald. (Doc. No. 12 at 14.) Bolstering that suggestion is Gales's previous refusal to take jurisdictional discovery, and her conducting only a superficial "LinkedIn" and "Google" investigation of McDonald.

Gales's failure to respond to the McDonald affidavit also indicates that CVS, not McDonald, is the Party against whom Gales intends to proceed. See, e.g., Susman v. Goodyear Tire & Rubber Co., No. 17-3521, 2018 WL 1243733, at *7 (E.D. Pa. Mar. 9, 2018) ("District courts have denied remand where the burden of proving fraudulent joinder was met through uncontested evidence that no reasonable basis in fact existed for the claim against a fraudulently joined defendant."); Reith v. Teva Pharms. USA, Inc., No. 18-1987, 2019 WL 1382624, at *2 (E.D. Pa. Mar. 27, 2019) (courts can "go beyond the four corners of the pleadings" to decide whether joinder was fraudulent); Benjamin v. JBS S.A., 516 F. Supp. 3d 463, 473–74 (E.D. Pa. 2021) (district court permissibly considered "affidavits that present undisputed facts" when ruling on fraudulent joinder).

Moreover, Gales has not moved for joinder of the newly identified McDonald in the first action in the event the case is not remanded. "[C]ourts have found fraudulent joinder where plaintiffs failed to move to compel discovery that would permit identification of Doe defendants,

. . . or where plaintiffs failed—at the time of moving for remand to state court—to also move for joinder of newly identified Doe defendants, in the event the case was not remanded." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985) (citing Asher v. Pacific Power and Light Co., 249 F. Supp. 671, 675 (N.D. Cal. 1965) ("Apparently the plaintiffs here are only concerned with recovering from these two defendants in a state action as they have made no motion to join them if the case remains in this Court. . . .")).

In these circumstances, I cannot determine whether Gales actually intends to prosecute this action against McDonald. See Bopp v. Westchester Surplus Lines Ins. Co., No. 09-6448, 2009 WL 3763921, at *4 (E.D. La. Nov. 9, 2009) ("The Court has the discretion to allow limited remand-related discovery if the facts warrant such action." (citing Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005)); Matthew J. Richardson, Clarifying and Limiting Fraudulent Joinder, 58 Fla. L. Rev. 119, 144 (2006) ("The district court may decide the fraudulent joinder question simply from the face of the plaintiff's complaint, or the court may conduct extensive discovery on the question.").

### IV.     CONCLUSION

Although I am obliged at this early stage to defer to Gales's allegations, I am not obliged to rubber stamp her possible effort to add a defendant against whom she has no colorable claim and against whom she does not intend to proceed. Even employing a deferential standard, I cannot determine whether McDonald has been fraudulently joined. Just as I ordered limited jurisdictional discovery in the first action, I will order limited jurisdictional discovery in this action to determine both the circumstances of Gales's slip and fall and McDonald's duties and responsibilities at the Yeadon store. I will decide the Parties' pending Motions after that discovery is completed.

An appropriate Order follows.

                        **BY THE COURT.**

                        */s/ Paul S. Diamond*

                        _____

February 20, 2024                        Paul S. Diamond, J.